```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

GRP-MADISON, LLC, *et al.*,          \*

    Petitioners,                 \*

vs.                                  \*

                                        CASE NO. 3:23-CV-31 (CDL)

AMEC FOSTER WHEELER INDUSTRIAL       \*
POWER COMPANY, INC., *et al.*,
                                                    \*

    Respondents.                 \*

## O R D E R

Petitioners (collectively "GRP") seek to (1) compel Respondents (collectively "AFW") to arbitrate Petitioners' direct claims against them and (2) consolidate that arbitration with an ongoing arbitration against MasTec Power Corporation ("MasTec"). Because Respondents never agreed to arbitration and the factual circumstances here do not support imposing arbitration upon a party who has not agreed to it, the Court denies the Petition (ECF No. 1). This action is therefore dismissed.

## FACTUAL BACKGROUND

GRP contracted with MasTec to build two power plants. When disputes arose regarding their contracts, they entered into a settlement agreement which mandated that any future disputes between them related to that agreement be submitted to arbitration. Disputes arose and the parties submitted their disputes to arbitration. MasTec asserted indemnity claims against its

subcontractor, Amec Foster Wheeler Industrial Power Company, Inc. ("AFWIPC"), and the arbitrators in the GRP/MasTec arbitration granted a request to join AFWIPC as a third-party defendant in the GRP/MasTec arbitration based upon an arbitration clause in Purchase Orders between MasTec and AFWIPC.  This joinder provided for the arbitration of MasTec's claims against AFWIPC.  Now GRP wants to assert its claims against AFWIPC and related Respondents in the same arbitration.

The purchase orders were between MasTec and AFWIPC and provided that, "In the event that [MasTec] becomes involved in a Dispute proceeding with [GRP] that involves [AFWIPC's] Work or performance, then [AFWIPC] agrees to be joined in and bound by such Dispute proceeding."  Madison Purchase Order § 36.6, ECF No. 22-1 at 167; Franklin Purchase Order § 36.6, ECF No. 22-1 at 331.  These Purchase Orders also stated that nothing within them "shall be construed as creating any contractual relationship between any Persons other than" MasTec and AFWIPC.  Madison Purchase Order § 3.1; Franklin Purchase Order § 3.1.  AFWIPC did not agree in these purchase orders to arbitrate claims that GRP asserted against it.

Similarly, the settlement agreement between GRP and MasTec, to which AFWIPC was not a party, did not contractually obligate AFWIPC to arbitrate claims between AFWIPC and GRP.  The arbitration clause in this settlement agreement to which AFWIPC was not a party

provided: "Any and all disputes between the Parties arising out of or related to this Agreement or the breach thereof shall be resolved by binding arbitration[.]"  Pet. to Compel Arbitration Ex. C, Davis Decl. Ex. 1, GRP-MasTec Settlement Agreement § 16, ECF No. 1-4 at 11.  The GRP-MasTec Settlement Agreement also stated that, if the parties satisfied its terms, GRP and MasTec would "release and forever discharge each other and all of their respective . . . subcontractors . . . from and against any and all claims, demands, or causes of action."  *Id.* § 11.  AFWIPC does not rely upon, nor seek any benefit from, these agreements between GRP and MasTec.

## DISCUSSION

Generally, arbitration "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Salinas v. Atlanta Gas Light Co.*, 819 S.E.2d 903, 905 (Ga. Ct. App. 2018) (internal quotation marks omitted) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).  However, "in certain circumstances, the theory of equitable estoppel provides a means of bringing a nonsignatory within the terms of an arbitration agreement." *Helms v. Franklin Builders, Inc.*, 700 S.E.2d 609, 612 (Ga. Ct. App. 2010).  For example, a "party cannot rely on the contract when it works to its advantage and then repute it when it works to its disadvantage." *Id.* (internal quotation marks and citation omitted) (equitably

3

estopping a non-signatory from avoiding arbitration when her claims against the signatory arose from a contract containing an arbitration clause).

It is undisputed that AFWIPC never signed an arbitration agreement with GRP.  Furthermore, AFWIPC did not invoke for its benefit any contract to which GRP was a party.  Therefore, it cannot be equitably estopped from resisting the enforcement of an arbitration clause that is contained in an agreement to which it is not a party and from which it does not seek a benefit.  AFWIPC does assert a release defense in its defense of MasTec's indemnification claims against it, and thus it cannot avoid arbitrating MasTec's claims against it based on the arbitration clause contained in the purchase orders between MasTec and AFWIPC.  But those agreements are separate from the agreement between GRP and MasTec.  Equitable estoppel simply does not mandate that AFWIPC arbitrate claims by GRP when it never agreed to do so.

The Court further finds GRP's other arguments in favor of arbitration unpersuasive.  GRP argues that AFWIPC expressly waived objections to arbitrating its direct claims by agreeing to arbitrate in the Purchase Orders.  Of course, a party can voluntarily relinquish a known right through "express statements." *Salinas*, 819 S.E.2d at 908.  But, in the Purchase Orders, AFWIPC consented to arbitration regarding claims between it and MasTec,

4

not GRP.  Thus, AFWIPC did not expressly waive its right to resist arbitration as a non-signatory.

GRP also argues that AFWIPC incorporated the GRP-MasTec Settlement Agreement's arbitration provision by reference, because separate AFWIPC-MasTec settlement agreements and the GRP-MasTec Settlement Agreement refer to the same test and report.  *Compare* AFWIPC-MasTec Madison Settlement Agreement at 1, ECF No. 22-1 at 482, *and* AFWIPC-MasTec Franklin Settlement Agreement at 1, ECF No. 22-1 at 486, *with* GRP-MasTec Settlement Agreement § 4.  Although "an arbitration clause can be incorporated [by reference] even if the relevant incorporation language does not specifically refer to it," a non—signatory generally must assume the obligations of the contract containing the arbitration provision to be bound by the arbitration provision.  *World Rentals & Sales, LLC v. Volvo Constr. Equip. Rents, Inc.*, 517 F.3d 1240, 1245 & n.6 (11th Cir. 2008), *abrogated on other grounds by Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1355 n.1 (11th Cir. 2017); *see Emps. Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1323 (11th Cir. 2001) (binding the non-signatory to a contract's arbitration provision because it "assumed all duties and responsibilities" of that contract).  GRP points to no language in the AFWIPC-MasTec settlement agreements incorporating the GRP-MasTec Settlement Agreement by reference.  AFWIPC certainly did not assume obligations under the GRP-MasTec agreements.  Thus, the

AFWIPC-MasTec settlement agreements do not incorporate by reference the GRP-MasTec Settlement Agreement, including its arbitration provision.

CONCLUSION

AFWIPC never agreed to arbitrate GRP's direct claims against it. Neither equitable estoppel nor GRP's other arguments support mandating arbitration under the circumstances presented here. Accordingly, GRP's Petition (ECF No. 1) is denied.[1] And this action is dismissed.

IT IS SO ORDERED, this 12th day of May, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The arbitrability of Petitioners' claims against the other related AFW entities depends in part upon whether their claims against AFWIPC are arbitrable. Having found that those claims are not arbitrable, the Court cannot compel the other AFW related entities to arbitrate.