```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

GRP-MADISON, LLC, *et al.*,          *

    Petitioners,                 *

vs.                                  *     CASE NO. 3:23-CV-31 (CDL)

AMEC FOSTER WHEELER INDUSTRIAL       *
POWER COMPNAY, INC., *et al.*,
                                                                                                 *

    Respondents.

## O R D E R

After the Court denied their petition to compel arbitration (ECF No. 38), Petitioners move for reconsideration and relief from judgment under Federal Rules of Civil Procedure 59(e) and 60(b) (ECF No. 40). Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Here, Petitioners contend that the Court erred because it misunderstood the contracts on which Respondents rely.

The Court previously determined that "AFWIPC did not invoke for its benefit any contract to which GRP was a party." *GRP-Madison, LLC v. Amec Foster Wheeler Indus. Power Co., Inc.*, No.

3:23-CV-31 (CDL), 2023 WL 3443245, at *2 (M.D. Ga. May 12, 2023). Petitioners contend, however, that the Court did not consider that AFWIPC (1) resisted MasTec's joinder demand in the GRP-MasTec arbitration based on arguments related to enforcing the GRP-MasTec Settlement Agreement and (2) asked the GRP-MasTec arbitrators to determine the enforceability of this agreement to define the scope of claims that GRP could assert against AFWIPC. Thus, Petitioners move for reconsideration and relief from final judgment under Federal Rules of Civil Procedure 59(e) and 60(b).

But "the only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact": "a Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alterations adopted) (internal quotation marks and citations omitted). Similarly, Rule 60(b) allows the Court to relieve a party from judgment based on newly discovered evidence or a mistake. Fed. R. Civ. P. 60(b)(1)-(2).

Petitioners argue that the Court's order denying their petition ignored evidence that AFWIPC invoked benefits from the GRP-MasTec Settlement Agreement. But, after considering voluminous evidence, briefing, and clarifications during a hearing—all of which was available to the Court before it denied the petition—the Court determined (for purposes of deciding

2

whether AFWIPC was estopped from opposing the arbitration of claims that it had not agreed to arbitrate) that AFWIPC had not invoked substantive provisions from that agreement for its benefit. Petitioners may disagree with this conclusion, but the Court reconfirms that its conclusion is supported by the record before the Court at the time of its determination and that such disagreement does not constitute a basis for granting their motion under Rules 59(e) or 60(b).[1]  Therefore, the Court denies Petitioners' motion for reconsideration (ECF No. 40).

IT IS SO ORDERED, this 12th day of July, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Petitioners alternatively ask the Court to modify its prior order denying the petition to preclude AFWIPC from asserting the GRP-MasTec Settlement Agreement in its possible subsequent defenses. But modifying the order to prohibit potential future defenses raised by AFWIPC is tantamount to an advisory opinion, prohibited by Article III of the U.S. Constitution. *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1367 (11th Cir. 2006) (per curiam) ("If we addressed issues that might arise, we would be rendering an advisory opinion on future conduct and events that may never occur, something which Article III does not permit us to do."). The Court declines Petitioners' invitation to render such an opinion.